United States District Court
for the
Western District of North Carolina
Statesville Division

NICHOLAS GANTT )
)
        Plaintiff, )
)
v. )
)
) Civil Action No. 5:15-CV-00078
)
CAMELOT MANOR NURSING CARE )
FACILITY, INC. dba CAMELOT MANOR )
NURSING & REHAB CENTER, INC. dba )
HICKORY FALLS REHABILITATION, )
DANIELLE CHURCH, NATHAN CHURCH, )
and JONATHAN HARRIS )
)
)
        Defendants. )

Plaintiff, complaining of the acts of Defendants, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA").

2. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 29 U.S.C. § 1331, 29 U.S.C. § 2617, 29 U.S.C. § 1343 (a) (4), 42 U.S.C. § 12117(a).

3. The unlawful employment practices alleged below were committed within the State of North Carolina. Accordingly, venue lies in the United States District Court for the Western District of North Carolina under 28 U.S.C. § 1391(b).

4. Plaintiff Nicholas Gantt is a citizen and resident of Granite Falls, Caldwell County, North Carolina, United States. As such, Plaintiff is a person entitled to protection pursuant to the provisions of 42 U.S.C. § 12111(8), or alternatively or conjunctively, pursuant to 29 U.S.C. § 2611(2)(a) to be treated as an employee within the meaning of the FMLA.

5. The Defendant Camelot Manor Nursing Care Facility, Inc. ("Camelot Manor" or "Defendant Corporation") is a registered North Carolina corporation with its principal place of business in Granite Falls, Caldwell County, North Carolina.

6. Plaintiff began working as an employee for Defendant on or about May 28, 2005 as a dietary aide.

7. Defendant is "an employer" within the meaning of. § 630(b). Furthermore, Defendant was the "employer" of Plaintiff within the meaning of 42 U.S.C. § 12102(5) (A).

8. The Plaintiff has fulfilled all conditions precedent to filing this action, including exhausting all administrative remedies and obtaining a right-to-sue letter from the U.S. Equal Employment Opportunity Commission. Said letter is attached as Exhibit A.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. At various times relevant to this Complaint, Plaintiff was supervised by Stacy Deal, Roxi Huffman, and Danielle Church.

10. Plaintiff has been diagnosed with learning disabilities and suffers from anxiety and panic attacks.

11. Danielle Church (Ms. Church) directed the activities of Plaintiff and supervised him daily. Ms. Church had the authority to fire Plaintiff and exercised significant control over his daily work environment, schedule, and duties.

12. At all times relevant to the Complaint, Jonathan Harris (Defendant Harris) was employed by Defendant Camelot Manor as a Dietary Aide and Nathan Church (Defendant Mr. Church) was a Dietary Aide employed by Defendant Camelot Manor. Defendant Mr. Church is the brother of Danielle Church.

13. While working at Defendant Camelot Manor, Plaintiff was subjected to intolerable humiliation and harassment based on his disabilities, including but not limited to:

    a. Harris and Defendant Mr. Church taped a sign onto Plaintiff's car that said "You Need to Get Fucked;"

    b. Ms. Church tampered with his vehicle by rolling it with toilet paper;

    c. Defendant Mr. Church dosed Plaintiff's beverages with salt and pepper;

    d. Defendant Mr. Church dosed Plaintiff's beverage with Nectar-Thick;

    e. Defendant Mr. Church assaulted Plaintiff by throwing cold water over his head;

f. Upon information and belief, Defendant Mr. Church locked Plaintiff in the walk-in freezer alone for at least fifteen minutes while Defendant Ms. Church looked on and encouraged him;

g. Ms. Church intentionally misinformed Plaintiff of the time for the off-site Christmas party so that when Plaintiff showed up late, he was so distressed, embarrassed, and humiliated that he left the restaurant and was deprived of a chance to socialize with his co-workers, causing additional emotional distress;

h. Ms. Church intentionally withheld from Plaintiff the fact that the on-site Christmas party was changed to a date when Plaintiff was not working;

i. Ms. Church demanded that Plaintiff give the gift he had purchased for a particular person to another employee;

j. Ms. Church assigned tasks to Plaintiff and increased Plaintiff's workload with menial tasks without increasing his pay, based on her discriminatory belief and intent that Ms. Church agreed with Defendant Mr. Church that such tasks were beneath him, but not "beneath" someone with Plaintiff's disability;

k. Defendants wrote up Plaintiff and reprimanded him for things he did not do and which Defendant corporation did not adequately investigate;

l. Defendant corporation and its supervisors demanding that Plaintiff agree with his supervisors and make false statements that certain incidents did not occur when they did;

14. Plaintiff reported all of the incidents of harassment and discrimination by Ms. Church, Mr. Church, Defendant Harris, and others to Defendant Corporation, including reporting the rolling of his car to Dietary Manger Roxy Huffman, and reporting other incidents to Manager Danielle Church.

15. Defendant and its agents did not adequately or properly investigate the allegations of harassment reported by Plaintiff. Instead, Ms. Church remained employed and was eventually promoted to the position of supervisor over Plaintiff. Mr. Church remained employed after these allegations and was eventually discharged for reasons unrelated to the discrimination and abuse of Plaintiff;

16. Plaintiff informed his supervisors of the assault by Mr. Chruch. Defendant Ms. Church on behalf of Defendant Corporation merely gave Mr. Church a tepid verbal comment that they "wish he wouldn't do it again."

17. Plaintiff informed Ms. Church about Mr. Church's harassment and requested to be put on a different shift than Mr. Church. The only respite that Plaintiff was allowed was one

3

weekend on a different schedule. Mr. Church continued tampering with Plaintiff's drinks and harassing Plaintiff after he was reported to Defendant Corporation.

18. Sometime in June of 2013 and in September of 2013, Mr. Church assaulted Plaintiff by throwing cold water over his head.

19. On or about October 2013, Plaintiff was locked in the walk-in freezer alone for at least fifteen minutes. Upon information and belief, Defendant Mr. Church locked Plaintiff in the freezer. The door handle to get out of the freezer was frozen shut and Plaintiff was imprisoned for at least fifteen minutes.

20. The conduct of Ms. Church, Mr. Church, and Defendant Harris was both pervasive and severe. For approximately five months, Mr. Church harassed Plaintiff up to three days a week, twice a day.

21. The assault and battery against the Plaintiff was the proximate cause of Plaintiff's severe emotional distress, physical pain, and a panic attack.

22. Ms. Church observed Plaintiff being locked in the freezer and encouraged Mr. Church to engage in the activity, but then later denied that the incident even occurred.

23. When Plaintiff reported the incident to Defendant's agent Dawn Crowder, Ms. Crowder told Plaintiff that she was not going to discuss the matter. Plaintiff also attempted to send a Facebook message to Defendant Corporation to report the freezer incident and did not receive a satisfactory response.

24. Upon information and belief, the Defendant has failed to properly investigate the assault, battery, false imprisonment, discrimination, property damage, and infliction of emotional distress perpetrated against the Plaintiff and has failed to take any steps to discipline any person or persons responsible or adequately shield the Plaintiff from further mistreatment and discrimination.

25. At all times, Danielle Church, Nathan Church, and Jonathan Harris acted within the scope of their employment.

26. The harassing, assaulting, and discriminatory conduct by Nathan Church, Jonathan Harris, and Danielle Church was not at any time welcomed or encouraged by the Plaintiff.

27. The actions of Danielle Church, Nathan Church, and Jonathan Harris were motivated by their discrimination against Plaintiff based on his disabilities or perceived disabilities under the ADA.

28. At all time relevant to this Complaint, Plaintiff met the reasonable expectations of his employer.

4

29. On or about December 29, 2013, because of the discriminatory acts against Plaintiff, Plaintiff was forced to resign his position, resulting in a constructive discharge and/or additional adverse employment action.

### FIRST CLAIM FOR RELIEF
Violations of the Americans with Disabilities Act (ADA)
Against all Defendants

30. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

31. The Plaintiff has a physical or mental impairment that substantially limits one or more major life activities, namely he has been diagnosed with Mild Mental Retardation, which limits: his ability to completely care for himself, learning, reading, concentrating, thinking, communicating, and working.

32. At all times relevant to this complaint, Plaintiff was qualified and able to perform the essential functions of his job.

33. The Defendant Corporation, and others as described herein employed at said Defendant, treated Plaintiff less favorably because of his disability, including by harassing him, assaulting him, making fun of him, effectively excluding him from company activities and altering his working environment as indicated in the paragraphs above. Such treatment resulted in a hostile work environment for Plaintiff.

34. The Defendants did not make a good faith effort to comply with the law, and failed to make any reasonable accommodation for the Plaintiff to change his schedule sufficiently or allow him to work on a different shift from those who mistreated him because of his disability.

35. Instead, the Defendant failed to allow the Plaintiff even the minor accommodation of being placed permanently on a different schedule that would not subject him to ridicule by those who had tormented him in the past, thus subjecting him to more ridicule and aggravation of his condition.

### SECOND CLAIM FOR RELIEF
Assault
Against Defendant Nathan Church

36. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

5

37. Defendant Mr. Church attempted by the intentional act or by show of violence to cause an offensive or harmful physical contact with the Plaintiff which injured the Plaintiff, namely by

    a. Locking the Plaintiff in a freezer;

    b. Dosing Plaintiff's drinks; and

    c. Throwing water on the Plaintiff.

38. Plaintiff was placed in reasonable apprehension of an imminent threat of physical injury, and in fact, suffered said injury.

39. Defendant Mr. Church had the ability to cause the offensive or harmful physical contact with the Plaintiff.

40. Plaintiff suffered damages to be proven at trial for the assault by Defendant Mr. Church.

41. Plaintiff is further entitled to punitive damages because this Defendant acted with malice. He knew the condition of Plaintiff and therefore knew that such actions would be particularly stressful to Plaintiff. He acted willfully and intentionally.

### THIRD CLAIM FOR RELIEF
Battery
Against Defendant Nathan Church

42. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

43. Additionally or alternatively, Defendant Mr. Church intended to cause an offensive or harmful physical contact with the Plaintiff, such contact occurred, and such contact occurred without the Plaintiff's consent.

44. Plaintiff suffered damages to be proven at trial for the battery by Defendant Mr. Church.

45. Plaintiff is further entitled to punitive damages outside of an award of nominal or compensatory damages because this Defendant acted with maliciously, willfully and intentionally.

## FOURTH CLAIM FOR RELIEF
False Imprisonment
Against Defendants Nathan Church and Danielle Church

46. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

47. Defendant Mr. Church and Danielle Church intentionally detained the Plaintiff against the Plaintiff's will.

48. The detention of Plaintiff by Defendant Mr. Church and Defendant Danielle Church was unlawful.

49. Plaintiff suffered damages to be proven at trial for the false imprisonment by these Defendants, including damages for bodily injury, physical pain, mental pain and suffering, and humiliation as well as his costs in filing this action.

50. Defendants' conduct was so extreme, given the circumstances of Plaintiff's condition and the willfulness and cavalier attitude with which Plaintiff acted, that Plaintiff is entitled to and seeks punitive damages.

## FIFTH CLAIM FOR RELIEF
Civil Conspiracy
Against Defendants Nathan Church, Danielle Church, and Jonathan Harris

51. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

52. Defendants Danielle Church, Nathan Church, and Jonathan Harris agreed to do unlawful acts or to do lawful acts in a unlawful way, namely, agreeing to:

    a. Cause damage and trespass on Plaintiff's property by rolling his vehicle with toilet paper and writing vulgar statements on it;
    b. Harass Plaintiff by infliction of emotional distress and discrimination including dosing his drinks and throwing water on him;
    c. Falsely imprison Plaintiff in the freezer;
    d. Cover up the above actions, fail to discipline anyone, fail to investigate; fail to admit these events even occured, thus allowing said conduct to continue and thrive;

53. The agreement and the actions of the Defendants resulted in injury to the Plaintiff.

54. The Defendants acted willfully and wantonly, namely acting with a conscious and intentional disregard of Plaintiff's mental condition and his rights and safety, entitling the Plaintiff to punitive damages.

7

## SIXTH CLAIM FOR RELIEF
Intentional Infliction of Emotional Distress
Against All Defendants

55. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

56. The Defendants engaged in extreme and outrageous conduct.

57. The Defendants intended to, and did in fact, caused severe emotional distress to the Plaintiff, namely extreme anxiety, phobia, and a panic attack(s).

58. The Defendants acted willful and wantonly, entitling the Plaintiff to punitive damages.

## SEVENTH CLAIM FOR RELIEF
Negligent Infliction of Emotional Distress
Against All Defendants

59. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

60. Alternatively to the Plaintiff's claim for Intentional Infliction of Emotional Distress, the Plaintiff claims that, for some of their actions, the Defendants engaged in extreme and outrageous conduct when it was reasonably foreseeable to Defendants that such conduct would cause the Plaintiff severe emotional distress.

61. The Defendants actions did in fact cause severe emotional distress to the Plaintiff, namely extreme anxiety, phobia, and a panic attack(s).

## EIGHTH CLAIM FOR RELIEF
Trespass to Chattels / Property Damage
Against Defendants Nathan Church, Danielle Church, and Jonathan Harris

62. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

63. The Plaintiff was in possession of certain property in which he had an ownership interest, namely his vehicle.

64. Defendants engaged in unauthorized interference with, and damage to, the property of the Plaintiff by rolling it with toilet paper and writing on it with vulgar language.

65. The Defendants actions resulted in damage to the Plaintiff in an amount to be determined at trial, but at least nominal damages for the actual trespass and punitive damages for the willful and wanton conduct of the Defendants, as they consciously and intentionally disregarded the rights and safety of the Plaintiff.

## **NINTH CLAIM FOR RELIEF**
Negligent Retention
Against Defendant Camelot Manor and Defendant Danielle Church

66. Plaintiff incorporates the allegations of all the paragraphs above and alleges them as if fully set forth herein.

67. Defendants received complaints about Defendant Mr. Church and also had personal knowledge of Mr. Church's discriminatory, harassing, and abusive behavior.

68. Defendants retained Defendant Mr. Church despite their knowledge of these above complaints and the factual basis for them.

69. The conduct described herein constitutes negligence in the retention of Defendant Mr. Church and in assigning him to work with Plaintiff, justifying the imposition of, inter alia, compensatory and consequential damages against the Defendants.

WHEREFORE, the Plaintiff prays for the following:

a. Judgment against all Defendants for Violations of the ADA, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress;

b. Judgment against Defendants Nathan Church, Danielle Church, and Jonathan Harris for Civil Conspiracy and Trespass/Property Damage;

c. Judgment Against Defendants Nathan Church and Danielle Church for False Imprisonment;

d. Judgment against Defendants Camelot Manor and Danielle Church for Negligent Retention;

e. Judgment against Defendant Nathan Church for Assault and Battery;

f. Backpay from the Defendant Camelot Manor from the time of Plaintiff's constructive discharge until the date of a jury verdict;

g. Compensatory damages for violations of the ADA, including an award for embarrassment, pain, and suffering;

h. Nominal, actual, and/or compensatory damages for Assault, Battery, False Imprisonment, Civil Conspiracy, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Trespass/Property Damage, and Negligent Retention;

i. Punitive damages for the intentional disparate treatment by Defendants in violation of the ADA as well as for the willful, malicious, and intentional Assault, Battery, False Imprisonment, Civil Conspiracy, Intentional Infliction of Emotional Distress, and Trespass/Property Damage;

j. Prejudgment interest, if applicable;

k. Injunctive relief, including a Court Order prohibiting Defendants from further engaging in the conduct complained of herein;

l. Front pay, or other compensatory damages not specifically cited herein but to which Plaintiff is entitled to under the law;

m. Attorneys fees;

n. All costs of filing and litigating this action;

o. Trial by jury; and

p. Any and all other relief as this court may deem appropriate.

This the ___ day of June, 2015.

s/ William E. Morgan
NC Bar Number 35459
Attorney for Plaintiff
Morgan Law, PLLC
200 First Avenue NW; Suite 531
Hickory, NC 28601
Phone: (828) 855-3212
Fax: (828) 855-3214
Email: morgan@morganlaw.org