IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-00078-RLV-DSC

| | |
|---|---|
| NICHOLAS GANTT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAMELOT MANOR NURSING CARE FACILITY, INC. dba CAMELOT MANOR NURSING & REHAB CENTER, INC. dba HICKORY FALLS REHABILITATION, DANIELLE CHURCH, NATHAN CHURCH, and JONATHAN HARRIS, | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Default Judgment as to Defendants Nathan Church and Jonathan Harris (Doc. 22) (the "Motion").

**I.  BACKGROUND**

Plaintiff is a citizen and resident of Granite Falls, North Carolina, and was formerly an employee of Defendant Camelot Manor Nursing Care Facility, Inc. ("Camelot Manor"), which is a registered North Carolina corporation with its principal place of business in Granite Falls, North Carolina. (Doc. 1) at 1–2. On June 25, 2015, Plaintiff filed a Complaint (Doc. 1), which alleges violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq*. (the "ADA") and various North Carolina tort law claims, and attached an Equal Employment Opportunity Commission ("EEOC") right to sue letter (Doc. 1-1). On September 21, 2015, Defendants Camelot Manor and Danielle Church filed an Answer to Plaintiff's Complaint. (Doc. 9). The Clerk filed an Entry of Default as to Defendant Jonathan Harris (Doc. 12) on December 3, 2015 and an Entry of Default as to Defendant Nathan Church (Doc. 14) on January 13, 2016. On October 27, 2016,

1

Plaintiff filed a Stipulation of Dismissal as to all other Defendants. (Doc. 19). Plaintiff filed the present Motion (Doc. 22) on March 17, 2017 and had a hearing before the Court on the Motion on April 24, 2017. Defendants Nathan Church and Jonathan Harris did not respond to the Motion or appear before the Court.

## II.     JURISDICTION AND VENUE

The Complaint asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 for Plaintiff's claim under the ADA. (Doc. 1) at 1. The Complaint does not assert but the Court acknowledges supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's state tort law claims. Therefore, the Court has jurisdiction over the case.

The alleged unlawful employment practices were committed in Granite Falls, North Carolina, which is within this Court's district and division. Therefore, venue is appropriate in the Statesville division.

## III.     DISCUSSION

Plaintiff's Motion for default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 55. Upon a showing that a party against whom judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). After the clerk has entered a default, the plaintiff may seek a default judgment. *See* Fed. R. Civ. P. 55(b). The entry of a default judgment is left to the sound discretion of the court and no party is entitled to a favorable entry of default judgment as a matter of right. *See Black v. F & S, LLC*, 2008 U.S. Dist. LEXIS 100577, at *6 n.6 (W.D.N.C. 2008) (Voorhees, J.) (citing *United States v. Ragin*, 113 F.3d 1233, 1997 U.S. App. LEXIS 11827, at *5 (4th Cir.1997)); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986)) *see also Advantage Media Group v. Debnam*, 2011 U.S. Dist. LEXIS 62678, at *3 (M.D.N.C. 2011); *EMI April Music, Inc. v. White*,

618 F. Supp. 2d 497, 505 (E.D. Va. 2009); *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Without question, because the American civil litigation system is adversarial by nature, it is the "strong policy" of the Fourth Circuit to decide cases on their merits. *See*, *e.g.*, *Colleton Prep. Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417-21 (4th Cir. 2010). However, default judgment serves as an appropriate remedy in certain circumstances where the adversarial system breaks down. *See Silvers v. Iredell Cnty. Dep't of Soc. Servs.*, 2016 U.S. Dist. LEXIS 13865, at * 9-10 (W.D.N.C. Feb. 3, 2016) (Voorhees, J.). A breakdown typically occurs where a party, against whom affirmative relief is sought, refuses to engage in adversarial litigation. *Id.* Here, Defendants Nathan Church and Jonathan Harris did not respond to the Complaint or appear before the Court. As a result, default judgment is proper, and the Court must only determine the amount of damages to be awarded to Plaintiff.

In his Complaint, Plaintiff alleges that Defendant Nathan Church (1) assaulted Plaintiff by locking him in a freezer, dosing his drinks, and throwing water on him; (2) offensively or harmfully made physical contact with Plaintiff without his consent; (3) intentionally detained Plaintiff against his will; (4) entered into a civil conspiracy with Defendants Jonathan Harris and Danielle Church "to do unlawful acts or to do lawful acts in a[n] unlawful way" to Plaintiff; (5) engaged in extreme and outrageous conduct and caused severe emotional distress to Plaintiff; and (6) engaged in unauthorized interference with, and damage to, Plaintiff's car "by rolling it with toilet paper and writing on it with vulgar language." (Doc. 1) at 5–9.[1] The claims asserted against Defendant

---

[1] Plaintiff also alleges a claim under the ADA and a claim for negligent infliction of emotional distress. Plaintiff stipulated at the hearing that the ADA claim is not applicable to Defendants Nathan Church and Jonathan Harris because they are not the employer. Plaintiff also stipulated at the hearing that because the Defendants defaulted and the underlying claims are intentional acts, the claim for intentional infliction of emotional distress is the applicable claim against Defendants Nathan Church and Jonathan Harris, and the claim for negligent infliction of emotional distress is inapplicable.

Nathan Church are (1) assault; (2) battery; (3) false imprisonment; (4) civil conspiracy; (5) intentional infliction of emotional distress; and (6) trespass to chattels and property damage. *Id.*

Plaintiff also alleges that Defendant Jonathan Harris (1) entered into a civil conspiracy with Defendants Nathan Church and Danielle Church "to do unlawful acts or to do lawful acts in a[n] unlawful way" to Plaintiff; (2) engaged in extreme and outrageous conduct and caused severe emotional distress to Plaintiff; and (3) engaged in unauthorized interference with, and damage to, Plaintiff's car "by rolling it with toilet paper and writing on it with vulgar language." (Doc. 1) at 5–9. The claims asserted against Defendant Jonathan Harris are (1) civil conspiracy; (2) intentional infliction of emotional distress; and (3) trespass to chattels and property damage. *Id.* at 7–9.

Plaintiff seeks nominal, actual, and/or compensatory damages for the claims of assault, battery, false imprisonment, civil conspiracy, intentional infliction of emotional distress, and trespass and property damage. (Doc. 1) at 10. However, Plaintiff did not allege actual damages, so the Court may only consider an award of nominal and/or compensatory damages. Plaintiff also seeks punitive damages for the "willful, malicious, and intentional Assault, Battery, False Imprisonment, Civil Conspiracy, Intentional Infliction of Emotional Distress; and Trespass/Property Damage." *Id.*

In the Complaint and at the hearing, Plaintiff stated that he endured several months of harassment from Defendant Nathan Church, to include locking Plaintiff in a walk-in freezer for at least fifteen minutes. (Doc. 1) at 4. At the hearing, Plaintiff stated that Defendant Jonathan Harris was not involved with freezer incident. In the Complaint, Plaintiff alleges that Defendants Nathan Church and Jonathan Harris taped a vulgar sign to Plaintiff's car and conspired to harass Plaintiff. (Doc. 1) at 2 and 7. The actions of Defendants Nathan Church and Jonathan Harris caused Plaintiff to experience severe emotional distress, physical pain, a panic attack, and, during the freezer

4

incident, fear for his life. (Doc. 1) at 4. As a result of these actions, the Court awards Plaintiff compensatory damages for Plaintiff's pain and suffering, and apportions the awards according to the relative severity of each Defendant's acts. The Court finds it reasonable award Plaintiff eight thousand dollars ($8,000) in compensatory damages from Defendant Nathan Church and two thousand dollars ($2,000) in compensatory damages from Defendant Jonathan Harris.

The Court also awards Plaintiff punitive damages for the acts of Defendants Nathan Church and Jonathan Harris given the relative egregiousness of their conduct toward Plaintiff, who they knew to have the disability alleged in the Complaint. The Court determines the amount of punitive damages by approximating an amount, relative to each Defendant's ability to pay, which will impose sufficient punishment on each Defendant for their actions. Defendants Nathan Church and Jonathan Harris held jobs similar to that of Plaintiff. Plaintiff testified that he was paid seven dollars and twenty-five cents ($7.25) per hour, and the Court assumes that each employee worked forty (40) hours per week, which equates to a total take-home pay of around twelve thousand dollars ($12,000) per year. The Court finds it reasonable to award Plaintiff two thousand dollars ($2,000) in punitive damages from Defendant Nathan Church and five hundred dollars ($500) in punitive damages from Defendant Jonathan Harris.

### IV. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) Plaintiff's Motion for Default Judgment (Doc. 22) is **GRANTED**;

(2) Plaintiff is awarded compensatory damages in the amount of eight thousand dollars ($8,000) from Defendant Nathan Church;

(3) Plaintiff is awarded compensatory damages in the amount of two thousand dollars ($2,000) from Defendant Jonathan Harris;

(4) Plaintiff is awarded punitive damages in the amount of two thousand dollars ($2,000) from Defendant Nathan Church;

(5) Plaintiff is awarded punitive damages in the amount of five hundred dollars ($500) from Defendant Jonathan Harris; and

(6) the Clerk is ordered to enter the default judgment and close the case.

Signed: April 28, 2017

Richard L. Voorhees
United States District Judge